No. 29,379.

THE STATE OF KANSAS, *Appellee*, v. ELSIE RALSTON, *Appellant*.

(289 Pac. 409.)

Opinion filed July 5, 1930.

*James B. Kelsey* and *Thomas H. Davis*, both of Leavenworth, for the appellant.

*William A. Smith*, attorney-general, *R. O. Mason*, assistant attorney-general, and *L. E. Weltmer*, county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Defendant was convicted of arson, and appeals.

The information charged that defendant and her husband, O. C. Ralston, set fire to and burned an elevator in the nighttime. O. C. Ralston demanded a separate trial. At defendant's trial O. C. Ralston was the principal witness against his wife. Objection was made that he was not a competent witness. The provisions of the

civil code do not apply, and under the provisions of the criminal code (R. S. 62-1420) Ralston was a competent witness for the state. He could not be required to testify against his wife, but he testified voluntarily.

Competency of husband or wife voluntarily to testify for the state in a prosecution of the other was determined in the case of *State v. McCord*, 8 Kan. 232 (1871). At long intervals the subject is made the excuse for an appeal. This is the first resurrection since the decision in the case of *State v. Mullins*, 95 Kan. 280 (1915), 147 Pac. 828. The subject ought now to rest until the legislature changes the statute.

A deputy fire marshal interviewed defendant and her husband at the jail. Both were present throughout the interview, both talked, and both signed statements concerning the fire. The deputy, as a witness for the state, told all that was said and done at the interview, and Ralston's statement was read as a part of what occurred. The testimony was properly received and was not rendered incompetent because defendant was in jail, or because defendant did not have counsel at the time, or because the deputy was holding an "inquisition."

No instruction was asked regarding scrutiny of the testimony of an accomplice.

The statute provides punishment for one who shall "willfully" set fire to and burn a building. The information charged that defendant unlawfully, feloniously and willfully set fire to and burned the elevator. It would have been sufficient to charge the crime in the language of the statute and would have been sufficient to charge the jury in the language of the statute. The court, however, in the instructions to the jury used the word "intentionally" in place of the word "willfully," and did not use the word "feloniously." It has been said the word "willfully," as used in the statute, means "purposely and intentionally, not accidentally." (*State v. Ross*, 77 Kan. 341, 343, 94 Pac. 270.) If an act is done purposely it is done intentionally; and if done intentionally it is done purposely. In this case the fire was not accidental. Whoever started it did so in truly baleful spirit. The only question was whether defendant, her husband, or both, did the operative act, and defendant suffered no prejudice on account of the departure of the instruction from the language of the statute.

The appeal is without merit, and the judgment of the district court is affirmed.